

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2004

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zheng v. Atty Gen USA" (2004). *2004 Decisions*. Paper 226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-3920
_____

JEN CHING ZHENG

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES

Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A77 309 637)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2004

BEFORE: SLOVITER, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed : October 15, 2004)
_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge

Ren Ching Zheng ("Petitioner"), also known as Jen Ching Zheng, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision

of the Immigration Judge ("IJ"). The IJ denied Petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), finding that Petitioner failed to meet the statutory prerequisites and lacked credibility. The IJ also denied Petitioner's application for withholding of removal under the Convention Against Torture ("CAT"), finding that Petitioner failed to show that he is more likely than not to be tortured if he returns to China. For the reasons set forth below, we deny the petition.

## I. FACTUAL AND PROCEDURAL HISTORY

Since we write only for the parties, we need only restate the relevant facts. Petitioner, a native citizen of the People's Republic of China ("China"), was born in and lived in the Fuzhou province. According to his testimony, Petitioner's wife gave birth to their first son on August 9, 1989 and approximately one month later she was forced to have an IUD implanted. In 1995, Petitioner and his wife fled to the Guanxi province of China where his wife's IUD was removed at their request. On January 8, 1996 he and his wife had a second son, apparently without the knowledge of the government. Approximately two years later, the family briefly returned to the Fuzhou province to visit Petitioner's parents. Shortly after they returned to the Guanxi province, Petitioner's father received two notices for the Petitioner and his wife which he forwarded to them. The first notified Petitioner that he was being assessed a 10,000 RMB fine, presumably for violating the one-birth policy. The second summoned his wife to report for sterilization. Although Petitioner and his wife disregarded both notices, they were not

2

bothered by officials after their return to the Guanxi province. Petitioner came to the United States in 2000, allegedly to avoid paying the fine.

The BIA took appellate jurisdiction over the decision of the IJ pursuant to 8 C.F.R. § 3.1(b)(3), (9), now 8 C.F.R. § 1003.1(b)(3), (9). This Court has jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1).

## II. STANDARD OF REVIEW

This Court's jurisdiction over final orders of removal generally leads us to review the decision of the BIA. However, in cases in which the BIA merely adopts the IJ's opinion, the Court of Appeals will review the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).

The scope of review is narrow. This Court applies substantial evidence review to findings of fact. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under this standard, we are bound by the administrative findings of fact unless those findings would compel a reasonable adjudicator to arrive at a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B); see Abdille, 242 F.3d at 483. Additionally, because Congress delegated substantial authority under the INA to the Attorney General, who then vested his authority in the BIA, the BIA's reasonable statutory interpretations are entitled to deference as established in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984). Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir. 2003).

## III. DISCUSSION

3

1. Adverse Credibility Determination

Petitioner claims that the IJ erred in determining that he was not credible. We subject the IJ's adverse credibility finding to substantial evidence review which requires us to "uphold the credibility determination of the BIA or IJ unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). The IJ based his findings on discrepancies between Petitioner's oral testimony and documentary evidence. Most notably, Petitioner testified that following the birth of his son, he and his wife fled to the Guanxi province in 1995 where they had another child and where he remained until fleeing to the United States in 2000. In a separate affidavit, Petitioner stated that he and his wife ran away from their home in 2000 and that he went to the Guanxi province but did not know where his wife went. Petitioner also testified that his second child was born in the Guanxi province, but on other documentation stated that he was born in the Fuzhou province. Petitioner was confronted with these discrepancies at his hearing, but was unable to explain them. These discrepancies involve more than insignificant details; the underlying facts are central to Petitioner's claim that he fled China because of the country's population control laws, and raises questions about when and how the government responded to his violations of those laws. For this reason, we find that the IJ's credibility determination is reasonably grounded in the record, and therefore we uphold his findings.

2. Eligibility for Asylum and Withholding of Removal

Even if Petitioner was found to be credible, we agree with the IJ that he is ineligible for asylum and withholding of removal. To be eligible for asylum, Petitioner has the burden of establishing that he meets the statutory requirements of refugee status. Abdille, 242 F.3d at 482. A refugee is defined as one who cannot or will not return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A person is deemed persecuted on account of political opinion if he or she "has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42)(B). Additionally, "a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion." Id.

Petitioner himself was not forced to abort a pregnancy or undergo involuntary sterilization, and the IJ found that even if he was credible, he did not demonstrate that he faced persecution. Nor did Petitioner have a fear of persecution as he and his family were able to live in the Guanxi province free from government harassment, despite refusing to report for sterilization or pay the assessed fine. Whether Petitioner faced "persecution" or a "fear of persecution" is a question of fact, which is reviewed under the substantial

5

evidence standard, and may only be reversed upon compelling evidence. Abdille, 242 F.3d at 483. We find nothing on the record that would compel us to make a different finding.

Although Petitioner does not meet the statutory prerequisites to be considered a refugee, this Court has recognized, somewhat hesitantly, the BIA's decision that extends refugee protection to an applicant whose *spouse* suffered forced sterilization. Chen, 376 F.3d at 223 & n.2 (citing In Re C-Y-Z, 21 I. & N. Dec. 915, 918 (BIA 1997)). As the IJ demonstrated, however, Petitioner's wife never faced forced sterilization or an abortion, even five years after she was given notice to report for sterilization. Nor did he and his wife face any persecution when she did not report for sterilization. The IJ and BIA chose not to extend refugee protection to a petitioner whose spouse is still located in the alleged persecuting country, has not yet been forced to abort a pregnancy or undergo sterilization, and who may or may not have a fear that someday she will be forced to do so. The BIA is entitled to Chevron deference when construing the statute it administers. INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999). Under Chevron, this Court must ask whether "the statute is silent or ambiguous with respect to the specific issue" and if so "whether the agency's answer is based on a permissible construction of the statute." 467 U.S. at 842. The statute does not specifically mention spousal protection and we find that the extension of the statute may reasonably be limited to applicants whose spouses have already been subjected to population control procedures.

6

Even if Petitioner had met the statutory requirements, his ability to avoid government interference by moving to another part of the country would have necessarily influenced the IJ's discretionary determination. "[A]n immigration judge, in the exercise of his or her discretion, shall deny the asylum application of an alien found to be a refugee on the basis of past persecution if . . . [t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i). Petitioner's ability to settle peacefully in another part of his country would have compelled the IJ to refuse to exercise his discretion in favor of asylum.

The IJ also found that Petitioner did not meet the requirements for withholding of removal under the INA. Withholding of removal has a similar, albeit stricter, statutory prerequisite that makes it available only "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant who fails to meet the requirements warranting asylum also fails to meet the standards for withholding of removal under the INA. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Because Petitioner did not meet the requirements for asylum, we find that he is not eligible for withholding of removal under the INA.

### 3. Eligibility for Withholding of Removal under the CAT

7

The Petitioner further claims that the IJ erred in denying him relief under the CAT. "The burden of proof is on the applicant for withholding of removal under this paragraph to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Petitioner has offered no testimony whatsoever that he would face torture upon his return to China. Although Petitioner has suggested that he may have to pay a fine upon his return, he has offered no testimonial or documentary evidence demonstrating that it is more likely than not that he will be tortured upon his return. We therefore sustain the findings of the IJ in this regard as well.

For the foregoing reasons we deny the petition.